Approved: _____
ELIZABETH A. ESPINOSA
Assistant United States Attorney

Before: HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

------------------------------------X
                                    :    19MAG 3307
UNITED STATES OF AMERICA            :    SEALED COMPLAINT
                                    :
    - v. -                          :    Violations of
                                    :    18 U.S.C. §§ 2252A and 2
JONATHAN SCHWEITZER,                :
                                    :    COUNTY OF OFFENSE:
              Defendant.            :    BRONX
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

    DAMON GERGAR, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

**COUNT ONE**
(Possession of Child Pornography)

    1.  From at least in or about February 2019 up to and including at least in or about March 2019, in the Southern District of New York, JONATHAN SCHWEITZER, the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, SCHWEITZER possessed images of child pornography in his residence in Bronx, New York.

    (Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

**COUNT TWO**
(Receipt and Distribution of Child Pornography)

2. On or about March 4, 2019, in the Southern District of New York, JONATHAN SCHWEITZER, the defendant, knowingly did receive and distribute and attempt to receive and distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, SCHWEITZER made available for distribution sexually explicit images and videos of minors over the Internet using a computer in his residence in Bronx, New York.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Detective with NYPD, currently assigned to the Criminal Enterprise Investigation Section as a Border Enforcement Security Task Force (BEST) officer with the Department of Homeland Security Investigations. I was previously assigned to the Vice Major Case Squad for eight years. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. As set forth below, there is probable cause to believe that JONATHAN SCHWEITZER, the defendant, possessed child pornography in his residence between in or about February 2019 through in or about March 2019, and made child pornography available for distribution over the Internet on or about March 4, 2019.

a. Based on my review of records from a law enforcement database, I have learned that an electronic device ("Target Device-1") bearing a certain static internet protocol address ("IP

Address")[1] connected to a publicly available peer-to-peer file sharing network ("P2P Network") between on or about July 7, 2018 and on or about March 28, 2019 (the "P2P Network Connection Period").

5. Based on my review of documents provided by an internet service provider ("ISP"), I have learned the following:

  a. A particular ISP account ("ISP Account") was in service from at least in or about October 2010 to in or about March 2019;

  b. IP Address was associated with ISP Account from at least in or about October 2010 to in or about March 2019, that is, a period of time that included the P2P Network Connection Period;

  c. "Jonathan Schweitzer" was the name provided to ISP by the registrant for ISP Account; and

  d. ISP Account provided internet service to a certain residence in Bronx, New York (the "Schweitzer Residence").

6. Records provided by a utility company that provides electricity ("Utility Company") indicate that an individual named "Jonathan Schweitzer" has been a customer of Utility Company at the Schweitzer Residence since on or about October 3, 2010, to the present, that is, a period of time that included the P2P Network Connection Period.

7. During the P2P Network Connection Period, Target Device-1 made available for download via the P2P Network approximately 10 videos or photographs that, based on each file's unique Ed2k hash

---

[1] Based on my training and experience, I have learned the following: (a) An IP address is a unique numeric address used to identify a particular computer connected to the Internet; (b) An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178); (c) Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination; (d) Most Internet service providers control a range of IP addresses; and (e) Some computers have static (long-term) IP addresses, while other computers have dynamic (frequently changed) IP addresses.

3

value,[2] are each identified in another law enforcement database as known to contain child pornography. Based on my review of the law enforcement database's copies of one of the files, it contains child pornography, as described below:

   a. A 5 minute and 5 second video of two females approximately 10 years of age sitting down next to a bed. They proceed to kiss each other, expose their breasts, one girl performs cunnilingus on the other and then the other girl sits on top of the other and gyrates on top of her.

   8. On or about the morning of April 3, 2019, I and other law enforcement agents executed a search and seizure warrant (the "Search Warrant") at the Schweitzer Residence.[3] Based on my review of files contained on a laptop computer seized from the Schweitzer Residence ("Seized Device-1"), I learned that Seized Device-1 stores approximately 150 files with Ed2k hash values that match the Ed2k has values of known child pornography files. For example, one of those files are described below:

   a. A 1 minute and 4 second video of a blonde female approximately 10 years of age standing while wearing a red shirt and blue jeans. She proceeds to pull down her jeans and expose her vagina.

   9. On or about the morning of April 3, 2019, I interviewed JONATHAN SCHWEITZER, the defendant, at the Schweitzer Residence. During the course of that interview, the following occurred, in substance and in part:

---

[2] Based on my training and experience, I have learned the following: (a) Ed2k hash values use the MD4 (or Message-Digest Algorithm) is a cryptographic hash function with a digest length of 128 bits; (b) an Ed2k hash value functions as a means of identifying files using a digital "fingerprint" that consists of a unique series of letters and numbers; (c) a file processed by this Ed2k operation results in the creation of an associated hash value often referred to as a digital signature; and (e) Ed2k signatures provide a certainty exceeding 99.99% that two or more files with the same Ed2k signature are identical copies of the same file regardless of their file names.

[3] The Search Warrant was authorized by the Honorable Robert W. Lehrburger, United States Magistrate Judge for the Southern District of New York, on or about April 1, 2019.

a.  SCHWEITZER was advised of his Miranda rights, waived those rights in writing, and agreed to speak with me;

b.  SCHWEITZER admitted that he lived at the Schweitzer Residence;

c.  SCHWEITZER admitted that, at the time of the interview, he lived alone at the Schweitzer Residence;

d.  SCHWEITZER admitted that he accessed the P2P Network and downloaded child pornography files;

e.  SCHWEITZER admitted that he possessed child pornography files on Seized Device-1; and

f.  SCHWEITZER admitted that he understood that some of the child pornography files on his computer would be shared with other users of the P2P Network.

10. Based on my conversations with a representative of the New York City Department of Education, I understand that JONATHAN SCHWEITZER, the defendant, is employed as a teacher at a high school in Bronx, New York.

WHEREFORE, the deponent respectfully requests that JONATHAN SCHWEITZER, the defendant, be imprisoned, or bailed, as the case may be.

Det. *[signature]* #207

---

DAMON GERGAR
Detective
New York City Police Department

Sworn to before me this
3rd day of April, 2019

*[signature]*

---

HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5